UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY CHIH-CHIEH KAO,

        Plaintiff,

-against-

18th PRECINCT, STEVEN BANKS et al.,

        Defendants.

16 Civ. 8285 (LAP)

ORDER



LORETTA A. PRESKA, Senior United States District Judge:

    After the Court gave Plaintiff leave to amend her first complaint, (see Order to Amend, dated Nov. 28, 2016 [dkt. no. 12]), Plaintiff pro se, Kathy Chih-Chieh Kao, filed an Amended Complaint in this action, (see Amended Compl. ("Compl.")[dkt no. 15]), dated December 19, 2016.[1] For the reasons set forth below, the Court dismisses Plaintiff's Amended Complaint.

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines the action is frivolous. Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d. Cir. 2000) (per curiam). The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and

---

[1] On May 21, 2015, Plaintiff was barred from filing any new action in forma pauperis (IFP) without first obtaining from the Court leave to file. See Kao v. Bloomberg, No. 15-cv-0791 (LAP) (S.D.N.Y. May 21, 2015). Plaintiff, however, paid the $400.00 filing fee for this action.

1

interpret them to raise the "strongest [claims] they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. "While the pleading of a pro se litigant should be liberally construed in his favor. . . a complaint that is prolix or so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised, fails to comply with Rule 8, and may be dismissed sua sponte." Owens v. Suter, 2003 WL 942554, at *1 (S.D.N.Y. 2003)(quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Plaintiff's Amended Complaint is illegible and unintelligible, as was her original complaint. Plaintiff names New York State defendants (Justice Hagler, Chief Judge Lawrence, Dr. Naomi Gwynn, Dr. Joy Hung); municipal defendants ("109 Precinct cops," "cops #8031," "Macar cops," Bellevue hospital) as well as other private individuals/corporate defendants (Daryll Hall, Dr. Guilan Zhou, U-Haul Flushing College Point), but fails to provide the Court and the Defendants "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (U.S. 2007). For

example, among those allegations that are somewhat legible, Plaintiff complains of widespread "corruption," (see Compl. at 6), for which Defendant Mayor Bloomberg was responsible, as well "polluted" water, (see Compl. at 6), and "persecution" at the hands of city employees. (See id.)

Even under the liberal reading the Court is required to give a pro se pleading, Plaintiff's Amended Complaint does not comply with Rule 8. The Court cannot determine from the allegations of the complaint what any particular Defendant is alleged to have done or failed to do that violated Plaintiff's rights.

Accordingly, the Amended Complaint (dkt. no. 15) is dismissed with prejudice, in its entirety, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Because this dismissal will terminate the case, the docket clerk is instructed to terminate as well the two pending motions to dismiss the complaint (dkt. nos. 29, 36). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   New York, New York
         May 26, 2017

_____
LORETTA A. PRESKA
Senior United States District Judge